USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED:    12/8/2025

**MEMO ENDORSED**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

MICHAEL A. THOMAS,

Plaintiff,

v.

CHILD SUPPORT ENFORCEMENT, WESTCHESTER COUNTY OFFICE OF CHILD SUPPORT
SERVICES DBA TITLE IV-D;

EILEEN M. STACK; ILIANA RODRIGUEZ; PATSY M. ARAVENA; WESTCHESTER COUNTY
DEPARTMENT OF SOCIAL SERVICES,

Defendants.

Case No. 1:25-cv-02438 (NSR)

PLAINTIFF'S MOTION TO COMPEL PRODUCTION UNDER FRCP 37(a)

Plaintiff Michael A. Thomas, proceeding pro se, respectfully moves this Court under Federal Rule of
Civil Procedure 37(a) for an order compelling Defendants to produce the mandatory UIFSA-required
documents for CSMS Case No. CB9389A1 and the required New York Title IV-D documentation for
CSMS Case No. BR7917A1. Defendants have failed to produce any of the documents identified in
Plaintiff's Combined Notice filed November 17, 2025.

I. RELEVANT FACTS

(see p. 2)

On November 17, 2025, Plaintiff filed and served a Combined Notice of UIFSA Noncompliance and
Unlawful Enforcement, which detailed Defendants' complete failure to provide mandatory
documentation.

A. UIFSA Case No. CB9389A1 – Missing Mandatory Documents

Defendants have produced none of the mandatory documents required for interstate enforcement,
including:

• A certified copy of the controlling support order

• A sworn statement of arrears

• A certified record of proceedings

• Proof of adjudicated paternity

• Authentication of all documents

• Proper UIFSA transmittal documents

Despite these omissions, enforcement—including wage garnishment—continues.

B. Title IV-D Case No. BR7917A1 – Missing Mandatory Documents

Defendants continue enforcing this in-state case without:

• A verified support order

• Notice and opportunity to be heard

• A sworn arrears record

• Proof of lawful basis for withholding

• Authentication of all documents

Defendants have provided no response, no rebuttal, and no cure.

II. LEGAL STANDARD – FRCP 37(a)

Rule 37(a) authorizes a motion to compel when an opposing party fails to disclose, produce, or permit inspection of requested documents. Defendants' failure to produce the mandatory records violates discovery obligations and obstructs Plaintiff's ability to challenge the legitimacy of enforcement actions.

III. ARGUMENT

1. Defendants Are Required by Law to Maintain and Produce These Records

UIFSA mandates production of certified and authenticated documents before interstate enforcement. New York Title IV-D regulations similarly require verified orders, sworn arrears, and proof of notice.

2. Plaintiff Is Prejudiced by Enforcement Without Verification

Enforcing support obligations without authenticated orders constitutes a violation of Due Process, the Fourth Amendment, and 42 U.S.C. §1983.

3. Defendants' Silence Confirms Noncompliance

Following Plaintiff's Combined Notice, Defendants have offered no response or production, confirming they lack the documentation required to lawfully enforce these cases.

**Pro se Plaintiff's motion to compel production of various documents (ECF No. 69 and attached} that were already requested in his November 17, 2025 Notice to the Court (ECF Nos. 60-62) is denied both as premature and duplicative. First, this case has not yet progressed to discovery and, second, this case is in the middle of motion practice to resolve Plaintiff's emergency motion and request for a temporary restraining order (ECF No. 39) for which Plaintiff's opposition papers to Defendant's opposition to Plaintiff's emergency motion already contained these discovery requests. Per the Court's memorandum endorsement on November 25, 2025, which was mailed to Plaintiff on November 26, 2025, Defendants have until December 12, 2025 to reply to Plaintiff's opposition (ECF No. 67); such deadline has not yet passed. Per the same memorandum endorsement, the Court again warns Plaintiff against making successive filings or duplicative filings in short order without giving Defendants adequate time to respond. Additionally, as a litigant in Family Court, Plaintiff can retrieve these documents from Family Court. The Clerk of Court is kindly directed to terminate the motion at ECF No. 69 and to mail a copy of this endorsement to pro se Plaintiff at the listed address on the docket and to show service on the docket.**

**Dated: December 8, 2025
White Plains, New York**

SO ORDERED:

HON. NELSON S. ROMAN
UNITED STATES DISTRICT JUDGE

IV. RELIEF REQUESTED

Plaintiff respectfully requests that this Court order:

1. Defendants must produce, within 10 days, all mandatory UIFSA documents for CSMS Case No. CB9389A1:

• Certified controlling order

• Sworn arrears

• Certified record of proceedings

• Proof of adjudicated paternity

• Authentication of all documents

• UIFSA transmittal documents

2. Defendants must produce, within 10 days, all required Title IV-D documents for CSMS Case No. BR7917A1:

• Verified support order

• Sworn arrears record

• Proof of lawful basis for withholding

• Proof of notice and hearing

• Authentication of all documents

3. Defendants must state whether any withheld documents exist.

4. Any further relief the Court deems proper.

Dated: December 5, 2025

White Plains, New York

_____

Michael A. Thomas

155 Ferris Ave

White Plains, NY 10603

Plaintiff, Pro Se

CERTIFICATE OF SERVICE

I hereby certify that on December 5, 2025, a true and correct copy of this Motion to Compel Production under FRCP 37(a) was served via U.S. Mail upon:

Christopher J. Inzero

Associate General Counsel

Westchester County Attorney's Office

148 Martine Avenue, Room 600

White Plains, NY 10601

Letitia James

Attorney General of the State of New York

28 Liberty Street

New York, NY 10005

_____

Michael A. Thomas